UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:17-CR-37-TAV-DCP-2 ) |
| KENNETH BRADLEY CLEVENGER, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's pro se motion for early termination of supervised release [Doc. 790]. On April 10, 2018, defendant pleaded guilty to Count One of the indictment charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) [Docs. 272, 280]. On December 21, 2018, the Court sentenced defendant to 72 months' imprisonment, followed by a term of supervised release of 6 years [Doc. 398].

On March 7, 2024, defendant filed a motion asking the Court to prematurely terminate his supervised release [Doc. 790]. In support of his request, defendant states that since his release he has maintained a steady residence and employment with no police contact. He has recently been working at the Y-12 facility with applicable clearances and is enjoying working in an apprentice program. He states that he has realized the impact of his decisions and will not make those types of decisions again. He looks forward to finishing the apprenticeship program or college and pursuing a career. Defendant further states that he has maintained a positive relationship with his probation officer and has passed all drug screens [*Id.*].

The United States Probation Office (the "USPO") states that as of March 15, 2024, defendant had completed approximately 2 years and 10 months of his 6-year term of supervised release. Defendant has had no new arrests or police contact. He has maintained employment and a stable residence. He has required a low level of supervision, maintained a respectful attitude, and complied with all instructions of the probation officer. The probation officer notes that, although defendant has not yet completed half of his term of supervised release, the probation officer "strongly urged" defendant to file the instant motion. As a result, the USPO states that it does not have any objection to defendant's request for early termination of supervised release.

The government responds that based on a review of defendant's file and the opinion of the USPO, it also does not oppose defendant's request for early termination of supervised release.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). "Early termination of supervised release is a discretionary decision that is only warranted in cases where ethe defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United*

*States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (internal quotation marks and alterations omitted). Indeed "[i]f 'unblemished' postrelease conduct warranted termination of supervised release, then the exception would swallow the rule, i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (internal quotation marks omitted).

After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not support early termination of defendant's supervised release at this time. The Court notes that defendant has completed just under half of his total 6-year term of supervised release. Moreover, although defendant has complied with all conditions of supervised release and demonstrated an ability to comply with the law and maintain stable employment, the Court notes that defendant has not set forth any reasons, beyond his basic compliance with the requirements of supervised release, warranting early termination of the sentence imposed in this case. Accordingly, the Court is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **DENIES** defendant's motion [Doc. 790].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE